IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ESKINSON R. GARRETT, on behalf of himself and all similarly situated individuals, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| AMERISAVE MORTGAGE CORPORATION, | ) ) ) ) | COLLECTIVE CERTIFICATION SOUGHT |
| Defendant. | ) ) ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Eskinson R. Garrett, (hereinafter "Plaintiff"), and files this lawsuit against Defendant Amerisave Mortgage Corporation (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Amerisave Mortgage Corporation (hereinafter "the Collective Class").

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated minimum wage and overtime wages to Plaintiff and the Collective Class in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff and the Collective Class member's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

This Court has original jurisdiction of this complaint pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.

Defendant Amerisave Mortgage Corporation is a Georgia corporation, and a substantial part of the events or omissions giving rise to the claims occurred at One Capital City Plaza 3350 Peachtree Rd, 10th Floor, Atlanta, Georgia, 30326. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is an adult resident of the State of Georgia.

6.

Plaintiff worked for Defendant as a Loan Processor during the relevant time period.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) during the time that he worked for Defendant as a Loan Processor.

8.

During the time that Plaintiff performed work for the Defendant as a Loan Processor, Plaintiff was paid primarily a minimum wage draw against commissions. Plaintiff was not paid on a salary basis.

9.

Defendant employed the named Plaintiff within the relevant statutory period of three years.

10.

During the relevant time period, Plaintiff worked a number of hours that exceeded forty (40) hours per workweek.  He was not paid the applicable overtime wage differential.

11.

Defendant Amerisave Mortgage Corporation is a private employer engaged in interstate commerce.  Its gross revenues exceed $500,000 per year.

12.

Defendant Amerisave Mortgage Corporation is a domestic corporation with its principal place of business in Atlanta, Georgia.  At all times during the relevant time period, Defendant Amerisave Mortgage Corporation was Plaintiff's employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

## IV. COLLECTIVE ACTION ALLEGATIONS

13.

Plaintiff brings Count I of this Complaint on behalf of himself and all similarly situated individuals ("the Collective Class"), pursuant to 29 U.S.C. § 216(b).  Plaintiff and the Collective Class are individuals who are currently employed by, or have been employed by, Defendant as a "Loan Processor" in any of the Defendant Amerisave locations during the last three years, and whose

primary job duties are or were to provide loan processing services for Amerisave customers. Plaintiff and the Collective Class took loan applications, quoted pricing and discussed rates and fees with Amerisave customers.

14.

During the relevant statutory period, Plaintiff and the Collective Class worked from Amerisave office locations or from their homes. They did not go to the place of business or residence of Amerisave customers to collect orders or conduct loan closings.

15.

During the relevant statutory period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked while performing the duties of Loan Processor for Defendant.

16.

Defendant knew or through the use of reasonable diligence should have known that Plaintiff and the Collective Class were working overtime hours. Plaintiff and the Collective Class were required to log-in to the Defendant's Customer Relations Management (CRM) system to accomplish a substantial portion of the work required of the Loan Processor position. The CRM system

contains a time keeping function which Defendant allowed Plaintiff and the Collective Class to manipulate so that their reported time would not exceed forty (40) hours. Defendant also utilized a desk top analytic which recorded activity time on certain company systems. The desk top analytic was used only to manage under-performing employees; however, this analytic provided information that conflicted with CRM time records. Time incurred working on the Outlook system, reviewing and responding to emails was not reflected in any time-keeping system. Time spent on internet research and reviewing documents was also not reflected in any time-keeping system.

17.

Defendant encouraged Plaintiff and the Collective Class to work in the Customer Relations Management system by stating that the more time that they spent logged into the system, the more loan applications they would be given to process and the more loans they would close.

18.

For a period of time during the relevant statutory time period, Defendant told the Plaintiff and Collective Class that overtime was not permitted for Loan Processors. Defendant encouraged Plaintiff and the Collective Class to limit or reduce the number of hours that they recorded in the time keeping system, and

encouraged Plaintiff and the Collective Class to underreport the actual time they worked.

19.

Defendant did not track the time employees spent on their mobile telephones, Smart phones, other handheld devices or email systems providing loan processing services and performing work for the Defendant.

20.

Defendant was aware that employees used these devices to perform work for Defendant.

21.

Defendant paid Plaintiff and the Collective Class on a draw against commission basis.

22.

As commissioned employees, Plaintiff and members of the Collective Class received a determinable amount of money for each loan he/she closed for Amerisave.

23.

Although they regularly worked more than forty (40) hours per week performing their job duties, Plaintiff and the Collective Class did not receive

overtime pay from the Defendant on their commissions. In some situations, Plaintiffs did not earn a minimum wage.

24.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

25.

Defendant was aware, or through reasonable diligence could have discovered, that Plaintiff and the Collective Class individuals were working more than forty (40) hours per week without being compensated.

26.

Defendant's conduct was willful and in bad faith.

27.

These practices violate the provisions of FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiffs and the Collective Class have suffered a loss of wages.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

28.

Plaintiff repeats and re-alleges each and every allegation contained in the

8

preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

29.

Defendant has violated the Fair Labor Standards Act §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of forty (40) hours in a workweek.

30.

The Fair labor Standards Act, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.  For a specified period during the relevant time period, Plaintiffs and the Collective Class were not paid overtime at the rate of one and one-half times the regular rate of pay.

31.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

32.

When overtime hours were allowed, Plaintiff and the Collective Class members were not compensated at one and one-half times the regular rate for all hours worked over forty (40).

33.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirements because Defendant regularly and repeatedly failed to compensate Plaintiff and the Collective Class at the appropriate required overtime rate.

34.

Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

35.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

36.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

37.

The foregoing conduct, as alleged, constitutes a willful violation the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)   Grant Plaintiff and the Collective Class a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs' unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E) Grant leave to add state law claims if necessary; and

(F) Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted the 15th day of May, 2012.

                         **BARRETT & FARAHANY, LLP**

                         <u>s/Amanda A. Farahany</u>
                         Amanda A. Farahany
                         Georgia Bar No. 646135
                         Benjamin F. Barrett
                         Georgia Bar No. 039586
                         Lori V. Douglas
                         Georgia Bar No. 770729
                         Attorneys for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile