# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Roxanne Williams, Kristin Belcher, Kendra Walker, Richard Buckley, Nichole Calhoun, Gina Helms, Crystalynne Harris, Stacy James, Sanitha Bolling, Cassandra Odum, Deborah Johns, Roberta Crawford, Stephanie Mogardo, Eskinson Garrett, and Kim Stevenson (hereinafter referred to as "Plaintiffs"), and Amerisave Mortgage Corporation (hereinafter referred to as "the Company" or "Amerisave"). The following paragraphs constitute the entire Agreement between Plaintiffs and the Company and supersede any and all prior agreements or understandings between the parties hereto pertaining to the subject matter of this Agreement; no amendment to or modification of this Agreement will be valid or binding unless made in writing and signed by Plaintiffs and the President of Amerisave.

### WITNESSETH:

WHEREAS, Plaintiffs were employed at Amerisave as Loan Processors; and

WHEREAS, Plaintiffs claim that they were denied overtime compensation and the Company denies that claim; and

WHEREAS, some Plaintiffs filed a lawsuit in the United States District Court, Northern District of Georgia, Atlanta Division, Civil Action No. 1:12-cv-01686 WSD ("Amerisave Loan Processor Suit"), naming as Defendant the Company; and

WHEREAS, the parties desire to compromise all disputes between them, to release each other from any and all liabilities, and to set forth their mutual understandings and agreements with respect thereto.

NOW, THEREFORE, in consideration of the payment of monies not available to other employees, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the promises, covenants, and releases hereinafter set forth, the parties hereto agree as follows:

1.  The Company agrees to pay a total of $50,000.00 to Plaintiffs, in settlement of any and all claims, harm, attorney's fees, costs, expenses, or any other alleged damage Plaintiffs claims to have suffered in connection with their Fair Labor Standards Act claims with Amerisave. Amerisave will remit this payment to Plaintiffs within three (3) days of a file-stamped copy (or e-notification from the Court of such a filing) of the Court approving this settlement and dismissing this case with prejudice. The parties agree that the $50,000.00 will be paid accordingly. The following checks will be provided to Plaintiffs, less required withholdings: Roxanne Williams ($1989.66), Kristin Belcher ($564.08), Kendra Walker ($1,405.07), Richard Buckley ($1,230.72), Nichole Calhoun ($1,794.80), Gina Helms ($1,846.80), Crystalynne Harris ($6,358.72), Stacy James ($1,856.33), Sanitha Bolling ($1,764.03), Cassandra Odum ($800.00), Deborah Johns ($1,487.12), Roberta Crawford ($1,394.81), Stephanie Mogardo ($5,415.16), Eskinson Garrett ($2,666.56), and Kim Stevenson

($226.86). Amerisave will issue a check to Plaintiffs' Counsel in the amount of $19,200.00 payable to "Barrett and Farahany LLP" as attorney's fees and costs.

      2.     The parties expressly agree to refrain from uttering any disparaging remarks with willful intent to harm the other or from making any statement, oral or written, intended to portray the other in an unfavorable light or with the purpose of subjecting the other to scorn or ridicule.

      3.     The Plaintiffs hereby forever and finally release, settle, waive, discharge, acquit, and reach full accord and satisfaction of any and all claims under the Fair Labor Standards Act or state wage and hour claims against the Company, its parents, subsidiaries, affiliates, directors, officers, agents, shareholders, employees, representatives, successors, and assigns, _and_ Plaintiffs, for themselves, their heirs, executors, administrators, successors, and assigns, does hereby release, remit, acquit, and forever discharge Amerisave, its parents, subsidiaries, affiliates, directors, officers, agents, shareholders, representatives, employees, successors, and assigns from any and all claims or causes of action of each and every kind and nature whatsoever, including, but not limited to all claims under the Fair Labor Standards Act or state wage and hour claims, which Plaintiffs have or may have or accrue, arising or claimed to arise out of Plaintiffs' employment with the Company at any time until the effective date of this Agreement.

      4.     Plaintiffs specifically acknowledge that this Agreement cannot in any way be construed as an admission of liability by the Company of any violation of federal, state, or local law, regulation, or the common law of any state, or of any policy or procedure of the Company or the public; to the contrary, liability is expressly denied.

      5.     The parties agree that except as expressly set forth above, each will bear its own attorneys' fees, costs, and expenses.

      6.     Plaintiffs' counsel, Barrett & Farahany LLP, agree to remove all advertising regarding or related to the Amerisave Loan Processor Lawsuit and stipulate that they do not currently represent any other loan processors that could be a part of the Amerisave Loan Processor Lawsuit.

      7.     Because both parties to this Agreement have been represented by counsel during the preparation of and negotiation over its terms, the parties agree that the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.  Should any provision of this Agreement be declared or be determined by any court or other body with proper jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

      8.     The laws of the state of Georgia shall govern the validity, interpretation and enforcement of this Agreement should any dispute arise concerning or related to it.  Further, the parties submit exclusively to personal jurisdiction in the State of Georgia for any action arising out of or in connection with this Agreement, waive any and all personal rights under the laws of any state to object to jurisdiction within the State of Georgia, and agree that for any cause of action arising out of or in connection with this Agreement, venue is proper solely in any state or federal court within the state of Georgia.

9.      The parties agree that they will not directly or indirectly challenge any paragraph of this Agreement as invalid or unenforceable and will take no action contrary to any of its provisions other than as ordered by a court of law.

Approved and agreed to by:

By: _____          _____
Amanda A. Farahany                                                  Date
Barrett & Farahany, LLP
1100 Peachtree Street, N.E.,
Suite 500
Atlanta, GA  30309

Attorneys for Plaintiffs


Approved by:

By: _____          _____
Raanon Gal                                                                 Date
FORD & HARRISON LLP
271 17th Street NW
Suite 1900
Atlanta, GA  30363

Attorney for Defendant